UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

APOLLO CAPITAL CORP.,

                          Plaintiff,

-against-

ASTRA VEDA CORPORATION,

                          Defendant.

23-cv-9708 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

The parties recently cross-moved for summary judgment. Dkts. 39, 54. The Court understands the basic facts to be these: Apollo held several of Astra Veda's convertible notes. In 2018, it converted one of those notes and received a payout. In 2019, the parties renegotiated the terms for the remaining notes. Their new agreement had an indemnification provision. Under the provision, Astra Veda agreed to indemnify Apollo for any claims "which are related to or result from the performance by [Apollo] of any of its obligations to [Astra Veda] contemplated by this Agreement or any of the transactions contemplated hereby or the Notes or any other agreement related thereto." Dkt. 40-1 ¶ 7. In 2022, Astra Veda sued Apollo over the 2016 note conversion. That complaint was dismissed. *Astra Veda Corp. v. Apollo Cap. Corp.*, 2023 WL 4702094, at *1 (S.D.N.Y. July 24, 2023). Apollo now seeks to be indemnified by Astra Veda for the costs of defending that suit.

The parties' summary-judgment briefs focus on the agreement's enforceability. But the Court may grant summary judgment "on grounds not raised by a party" so long as it gives "notice and a reasonable time to respond." Fed. R. Civ. P. 56(f). Here, the Court thinks simple contract interpretation might resolve this case. Or, if not, the contract might be sufficiently ambiguous to require a trial. They key question is whether the phrase "performance by [Apollo] of any of its obligations

to [Astra Veda] contemplated by" is distributive: whether Astra Veda agreed to indemnify Apollo for all claims "related to … the Notes" or for all claims "related to … the performance by [Apollo] of any of its obligations to [Astra Veda] contemplated by … the Notes." If the latter, the Court struggles to see how the original suit is "related to" Apollo's "performance … of any of its obligations *to* [Astra Veda]."

By July 3, 2024, at 5:00 p.m., the parties shall submit supplemental letter briefs, not to exceed eight double-spaced pages, addressing these issues.

SO ORDERED.

Dated: June 27, 2024
New York, New York

ARUN SUBRAMANIAN
United States District Judge